**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **Case No. 05-20008** |
| ) | **10-2005** |
| **CALEB KANATZAR,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## MEMORANDUM AND ORDER

In 2005, Defendant Caleb Kanatzar pled guilty to one count of aggravated assault on a corrections officer. Mr. Kanatzar was sentenced under the career offender provision of the guidelines, § 4B1.1, because of two prior offenses for crimes of violence. Thus his offense level was 32, prior to subtracting his three acceptance of responsibility points. The court contemplated a range of 151-188 months, and sentenced Mr. Kanatzar to 151 months in prison.

Mr. Kanatzar has now filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (doc. 28). He argues that one of his prior convictions that raised him to career offender status was a walkaway escape that, according the Supreme Court's recent decision in *Chambers v. United States*, 129 S. Ct. 687 (2009), is not a crime of violence.

The Government agrees that, consistent with *Chambers* and with this court's

previous decision in *United States v. Hickman*, No. 07-20042, Mr. Kanatzar's previous walkaway escape conviction should not have been counted as a crime of violence. As such, the Government concedes, Mr. Kanatzar should not have been sentenced under the career offender provision.

Mr. Kanatzar requests that the court resentence him under a total offense level of 22 (an adjusted offense level of 25, less three points for acceptance of responsibility) and with a criminal history category of VI, which translates to a guideline range of 84-105 months. As noted, the court previously sentenced Mr. Kanatzar to 151 months when considering the guideline range of 151-188 months. Contemplating a guideline range of 84-105 months, the court would again opt for a sentence at the low end of the range, for the same reasons it did so last time. Thus, the court finds that a sentence of 84 months is appropriate.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (doc. 28) is **granted**. Defendant's sentence is reduced to 84 months' imprisonment. All other aspects of his sentence remain unchanged.

**IT IS SO ORDERED** this 12th day of April, 2010.

s/ John W. Lungstrum  
John W. Lungstrum  
United States District Judge